# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

PATRICK ERISMAN and DEBBIE )
ERISMAN, )
        )
        Plaintiffs, )
        )
        v. )     Case No. 4:25-cv-00330-DGK
        )
SUMMIT CHRISTIAN ACADEMY, )
        )
        Defendant. )

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This case involves alleged discriminatory actions at a private school. Plaintiffs Patrick and Debbie Erisman allege that Defendant Summit Christian Academy violated various federal statutes in how they dealt with their child. ECF No. 1. Plaintiffs previously filed an identical case with the Court ("*Erisman I*"), but it was dismissed without prejudice because of Plaintiffs' repeated failures to prosecute the case. *See Erisman v. Summit Christian Academy*, 4:24-cv-00665, ECF No. 9 (W.D. Mo. Feb. 3, 2025).

In this case, the Court recently ordered Plaintiffs to show cause why the case should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's orders. ECF No. 21. Plaintiffs oppose dismissal with prejudice, arguing in part that if any sanction is necessary, it should be a lesser one. ECF No. 24.

For the reasons discussed below, this case is DISMISSED WITHOUT PREJUDICE.

## Background

On October 11, 2024, Plaintiffs filed *Erisman I*. The allegations in *Erisman I* are substantially the same as this case, though the claims for relief are more robust here. Plaintiffs' counsel in *Erisman I* is also Plaintiffs' counsel in this case.

In *Erisman I*, at the start of the case, the Court entered its standard Initial Standing Order ("ISO"). *Erisman I*, ECF No. 3. In its preface, the ISO made clear that the attorneys and parties must "carefully study and comply" with it, the Federal Rules of Civil Procedure, and the Local Rules. *Id.* at 1. It also made clear that failure to follow the ISO "may result in the Court imposing sanctions, including but not limited to monetary payments, dismissal of claims or cases, entry of default judgment, or other appropriate sanctions." *Id.* The text docket entry associated with the ISO also made these same points. Among other things, the ISO also specifically prohibited ex parte communications or calling chambers absent an emergency. *Id.* at 2. The same ISO was entered in this case, as discussed more fully below.

After entry of the ISO in *Erisman I*, the Court noticed that Plaintiffs still had not served the complaint nearly two months into the litigation. The Court ordered Plaintiffs to file a status report regarding service. *Id.*, ECF No. 4. In their response, Plaintiffs assured the Court they would serve the complaint by the Rule 4 deadline of January 9, 2025. *Id.*, ECF No. 5.

Plaintiffs missed that deadline, so the Court ordered Plaintiffs to show cause why the case should not be dismissed under Rule 41(b) for failure to prosecute. *Id.*, ECF No. 6. Plaintiffs timely responded that the delay in service was caused by "[s]everal attorneys and key administrative personnel depart[ing]" Plaintiffs' counsel's law firm, the Lento Law Group ("Lento Law"). *Id.*, ECF No. 7 at 2.

On February 3, 2025, the Court dismissed the case under Rule 41(b) for failure to prosecute because Plaintiffs had not been diligent despite the Court's warnings to serve the complaint. *Id.*, ECF No. 9. The Court was also troubled by Plaintiffs' counsel—the only attorney of record—blaming the lapse on his staff and other attorneys. *Id.*

2

On May 5, 2025, Plaintiffs filed the current case. It was initially assigned to another judge, but it was transferred to the undersigned since it was essentially a refiling of *Erisman I*. *See* ECF No. 10. On July 7, 2025, the Court entered the ISO, which included the same provisions highlighted above. ECF No. 11.

On July 17, 2025, Defendant moved to dismiss for lack of jurisdiction and failure to state a claim. ECF No. 14. Plaintiffs' opposition was due on or before July 31, 2025, but they moved for an extension of time on July 29, 2025. *See* ECF No. 16. But because Plaintiffs' motion was improperly formatted to the point that words were cut off, the Court could not tell how long of an extension Plaintiffs were seeking or whether good cause existed to grant the extension. The Court, thus, denied the motion without prejudice. ECF No. 18.

In that same order, after noting how Plaintiffs had failed to prosecute *Erisman I*, the Court warned them "that continued failure to comply with the Local Rules, the Federal Rules of Civil Procedure, or the Court's Initial Standing Order (ECF No. 11) may result in dismissal of this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and/or failure to comply with the Court's orders." ECF No. 18. The Court further warned that given Plaintiffs' failures in *Erisman I*, "the Court may dismiss this case with prejudice if there are any further violations in this case." *Id.*

The Court entered that order at 11:11 a.m. on July 31, 2025. At 11:12 a.m. that same day, Plaintiffs' counsel called chambers to ask questions about his motion for an extension of time. The Court's staff immediately directed Plaintiffs' counsel to the ISO and ended the call.

On August 4, 2025, the Court ordered Plaintiffs to show cause why this case should not be dismissed under Rule 41(b) for failure to comply with the Court's orders. ECF No. 21. On

3

August 15, 2025, Plaintiffs' counsel responded.   ECF No. 24.

On October 24, 2025, Plaintiffs' counsel filed a motion to withdraw from the case.   ECF No. 28.   He argued that he is leaving Lento Law, he told the managers there about this case, and "all future correspondence [should] be sent to Plaintiff[s] and/or Lento Law Group, P.C., counsel of record."   *Id.*   Local Rule 83.2 governs motions to withdraw.   It states that the Court "may grant" a motion to withdraw "only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel."   The Court denied the motion because no other counsel had entered an appearance and because Plaintiffs' counsel did not explain if Plaintiffs consented to proceeding pro se.   ECF No. 29.   Thus, Plaintiffs' counsel failed to show the required good cause under Local Rule 83.2.   Plaintiffs' counsel has not filed a renewed motion, and no other attorney has entered his or her appearance in the case.

## Standard of Review

Under Rule 41(b), the Court may dismiss a case if Plaintiffs "fail[] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."   *See also Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order.").   The dismissal under this provision is deemed to be an "adjudication on the merits" (i.e., with prejudice), "[u]nless the dismissal order states otherwise."   Fed. R. Civ. P. 41(b).   The Rule 41(b) "power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct."   *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).

To determine whether dismissal is appropriate, the Court "employs a balancing test that

4

focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). The Eighth Circuit has warned that the "sanction imposed by the district court must be *proportionate* to [Plaintiffs'] transgression[s], and that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (citation modified and emphasis in original). But in deciding whether to dismiss with prejudice, the Court need not find that Plaintiffs "acted in bad faith, only that [they] acted intentionally as opposed to accidentally or involuntarily." *Rodgers*, 135 F.3d at 1219.

In deciding whether to dismiss with prejudice under Rule 41(b), the Court "should first consider whether any less-severe sanction could adequately remedy the effect of the delay on the [C]ourt and the prejudice to the opposing party." *Smith*, 526 F.3d at 406 (internal quotation marks omitted). While it is not required, the Court should typically warn Plaintiffs that they are "skating on the thin ice of dismissal" before doing so. *Rodgers*, 135 F.3d at 1221. The Eighth Circuit has emphasized that "[a]lthough dismissal with prejudice is an extreme sanction," it gives the Court "a large amount of discretion in regulating and sanctioning misconduct that occurs in proceedings before it." *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003).

## Discussion

Plaintiffs oppose dismissal of this case with prejudice, arguing that Plaintiffs' counsel did not get the Court's order denying his motion for an extension of time until he was on the call with

5

chambers, he has implemented a checklist to ensure that he fully complies with the Court's orders and all applicable rules in the future, dismissal with prejudice is too severe of a sanction, the Court should impose a lesser sanction, and Defendant has suffered no prejudice.

The Court finds—and Plaintiffs do not readily dispute—that they have repeatedly violated the Court's orders. Plaintiffs' counsel admits that he called chambers on July 31, 2025, to ask about a motion he filed. Regardless of when he received the Court's warning about his violation of the ISO, the call itself violated the ISO's prohibitions on ex parte communications or calling chambers absent emergencies. ECF No. 11 at 2. Plaintiffs received the ISO not only at the start of this case, but also in *Erisman I*. *See Erisman I*, ECF No. 3. Plaintiffs were aware of the ISO provisions, but they chose to disregard them. This demonstrates that the violation was willful.

And while the willful violation of a single order is enough to support dismissal under Rule 41(b), *see Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994), this was not the only rule or order violation, *see Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527–28 (8th Cir. 2000). While the show-cause briefing was still pending, Plaintiffs' counsel filed a motion to withdraw that fell woefully short of Local Rule 83.2 because it did not provide good cause for withdrawing from the case, including that no other attorney had entered an appearance. But this meritless motion was itself a separate violation of the Court's order on July 31, 2025, that explicitly warned Plaintiffs that any future violation of the Local Rules, among other things, may result in dismissal of this case under Rule 41(b). ECF No. 18. Worse yet, this violation came after Plaintiffs' counsel had assured the Court in his show cause response that he had put in place a checklist to ensure full compliance with the Court's orders and the Local Rules. *See* ECF No. 24. This suggests a repeated pattern of willfully violating the Court's orders. *See Hunt*, 203 F.3d at 527–28. And

that conclusion is only bolstered by Plaintiffs' failure to timely serve their complaint in *Erisman I* despite the Court's orders regarding the need to do so. *See Erisman I*, ECF No. 9 (dismissing case without prejudice after Plaintiffs failed to timely serve their complaint).

Although Plaintiffs claim there is no prejudice from the order violations, that is not true. While Defendants may not have been prejudiced in terms of extra work so far, the same cannot be said for the Court and the administration of justice. *See Rodgers*, 135 F.3d at 1219. Engaging in an ex parte call is not only unethical, *see* Mo. S. Ct. R. 4-3.5(b) and Code of Conduct for United States Judges, Canon 3(A)(4), but it also wastes the Court's resources. The Court's staff must stop what they are doing to answer the phone, remind the party that they are violating the Court's orders, and then document the ex parte call in the record. It also requires the Court to spend time drafting show cause orders for violating the Court's ISO, analyzing what the consequences should be, and drafting orders imposing discipline. This takes time away from other cases on the Court's docket or even reaching the merits of the case in which the discipline is being imposed. That is why the Court *ordered* Plaintiffs not to engage in these calls at the outset of this case. All this wasted time and resources could have been avoided if Plaintiffs simply followed the ISO and the applicable rules. And Plaintiffs' assurances that it will not violate orders again ring hollow given the fact that they already did so not long after giving those assurances. Considering that fact and their similar conduct in *Erisman I* (e.g., failing to serve the complaint after assuring the Court it would do so), the Court finds that Plaintiffs will simply continue violating orders and rules throughout this case. That will lead to wasting more of the Court and Defendant's resources.

The Court could dismiss this case with prejudice on the current record. *See Rodgers* 135 F.3d at 1220. But the Court finds that the lesser sanction of dismissal without prejudice is more

appropriate here. *See Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983) ("The fact that the district court used the lesser sanction of dismissal without prejudice also militates against a finding that the court abused its discretion."); *see also Williams v. Corizon*, 714 F. App'x 608, 609 (8th Cir. 2018) (finding dismissal without prejudice was appropriate sanction for failing to comply with court's order and failing to prosecute); *Woolman v. Time Warner*, 543 F. App'x 619 (8th Cir. 2013) (same). This avoids the dismissal from being an adjudication on the merits, *see* Rule 41(b), but it still instills the need to respect the Court's orders. It also ensures that this case will not continue to clog the Court's docket in the near term. *See Hutchins*, 116 F.3d at 1260 (noting that Rule 41(b) powers allow the Court to "ensure the expeditious handling of cases").

The Court also finds that admonishment or monetary sanctions will not be enough. The Court repeatedly warned Plaintiffs' in *Erisman I* and this case that they faced dismissals for failing to follow the rules and the Court's orders. This did not stop them from continuing to ignore or violate the Court's warnings and orders. And although Plaintiffs' counsel asks the Court to impose a lesser sanction of a monetary fine against him, the Court finds that such a sanction will have no impact on Plaintiffs' or their counsel's conduct in this case because they will simply consider it as a cost of doing business and keep violating the Court's orders. Based on their conduct in this case and *Erisman I*, they seem determined to litigate the case their way and on their timeline, regardless of the Court's orders or what the rules require. *See Houston v. Klaverkamp*, No. 4:22-CV-371 RLW, 2023 WL 4350940, at *1 (E.D. Mo. July 5, 2023) ("The Court considered less drastic alternative sanctions but concluded there was no reason to believe that Plaintiffs would ever comply with applicable rules and the Court's orders, and that Plaintiffs were determined [to] litigate this case 'their own way.'"), *aff'd*, No. 23-2644, 2023 WL 7899508 (8th Cir. Nov. 16,

8

2023).

Thus, dismissal without prejudice is the most appropriate lesser sanction here for Plaintiffs' repeated violations of the Court's orders and the Local Rules. *See Johnson v. Jackson Cnty., Mo.*, No. 4:24-cv-00321-DGK, ECF No. 40 (W.D. Mo. Dec. 11, 2024) (dismissing case without prejudice under Rule 41(b) for repeatedly violating the Court's orders, including the ISO).[1]

## Conclusion

For the reasons discussed above, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   December 1, 2025   

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Since the Court is dismissing this case under Rule 41(b), Defendant's motion to dismiss (ECF No. 14) is DENIED WITHOUT PREJUDICE.   But if the Court were not dismissing this case under Rule 41(b), it would grant Defendant's motion to dismiss for the reasons stated therein.

9